[Cite as *State v. Day*, 2026-Ohio-316.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0063 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DEOLIA A. DAY a.k.a. DEOLIA A. PERRY, | Trial Court No. 2023 CR 01188 C |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: February 2, 2026
Judgment: Appeal dismissed

*Connie J. Lewandowski*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Deolia A. Day*, pro se, PID# W112-879, Ohio Reformatory for Women, 1479 Collins Avenue, Marysville, OH 43040 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} On September 10, 2025, appellant, Deolia A. Day, filed a pro se notice of appeal and motion for leave to file a delayed appeal pursuant to App.R. 5(A). No response in opposition was filed.

{¶2} On her notice of appeal, appellant indicates that she seeks to appeal from the trial court's September 1, 2025 judgment of conviction and sentence. However, upon a review of the trial court's docket, it appears that the entry was issued on March 13, 2024. A timely notice of appeal from the March 13, 2024 entry was due no later than April

12, 2024, which was not a holiday or weekend. The appeal is untimely by approximately 1 year and 5 months.

{¶3} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1).

{¶4} App.R. 5(A)(1) states:

{¶5} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶6} "(a) Criminal proceedings . . ."

{¶7} App.R. 5(A)(2) further provides that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."

{¶8} In her motion for leave, as reasons for failing to file a timely appeal, appellant states that she did not have adequate counsel and she did not understand her plea negotiations or her appellate rights. Appellant further states that she "lacked opportunity and guidance toward filing a timely appeal."

{¶9} The "Written Plea of Guilty" signed by appellant on February 5, 2024, includes an acknowledgement that she understood that she did not lose all of her rights to appeal by entering a plea of guilty and that any appeal in a criminal case must be filed within 30 days after sentencing.

{¶10} Pursuant to the "Written Plea of Guilty," appellant was advised of and understood her appellate rights. Further, while lack of opportunity and guidance might

Case No. 2025-P-0063

justify a reasonable delay of time in filing an appeal, given the length of time of over a year before initiating an appeal, it is evident that appellant was not diligent in taking the proper steps to protect her own rights. Therefore, we find that appellant has failed to set forth a valid reason for filing the appeal more than one year after she was sentenced and well beyond the 30-day time period prescribed in App.R. 4(A)(1).

{¶11} Accordingly, appellant's motion for leave to file a delayed appeal is overruled, and the appeal is hereby dismissed.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0063

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellant's motion for leave to file a delayed appeal is overruled, and the appeal is hereby dismissed.

Any pending motions are hereby overruled as moot.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0063